GRAham, Judge,
delivered the opinion of the court:
The plaintiff as an executor made a return for Federal estate tax in the manner prescribed by the Commissioner of Internal Revenue. The details as to the assessments and payments are set forth in the findings.
*752 Section 301[5] of the revenue act of 1924, 43 Stat. 303, is the section of the statutes involved and is quoted below.
The plaintiff claimed a deduction of 25% of the tax, although he had paid no estate, inheritance, legacy, or succession tax in any State, Territory, or the District of Columbia. The commissioner disallowed this deduction and assessed him for the full amount of the tax provided in the statute. The plaintiff rests his case here upon the ground that the said act is unconstitutional. He states his contention as follows:
“ This so-called estate tax, to the extent of twenty-five per cent [the excess over seventy-five per cent] of the amount mentioned in subdivision 301 (a), is unconstitutional, because to this extent (1) it is a tax, not on the transfer of estates but on the taxing powers of the several States, and a tax or penalty on the exercise and nonexercise of such powers, and (2) it is contrary to the provision of Article I, section 8, of the Constitution that ‘ all duties, imposts, and excises shall be uniform throughout the United States.’ ”
The principles controlling here were settled in the cases of New York Trust Co. v. Eisner, 256 U. S. 345, 349, and Florida v. Mellon, 273 U. S. 12. The latter case expressly held constitutional a corresponding section of the revenue act of 1926, except for the difference in the increase of the credit for estate taxes from twenty-five to eighty per cent, and which is identical with section 301 of the revenue act of 1924 under consideration here.
The act here is uniform in its operation, as the rule of liability is the same in all parts of the United States. If in the case of individual residents of different States it re- *753 suits in inequalities it is not due to the act, but to the inequalities created by the action of the State authorities either in the kind of estate tax act established or the failure to establish one. It is in no sense a restriction on the exercise or non-exercise of the taxing powers of the State. Any State can pass any sort of an estate tax it pleases or refrain from doing so. There are no restrictions. The act does not apply to the States but to individuals. Had it allowed no deduction, there could have been no question in regard to its constitutionality. It was an act passed in the exercise of the constitutional power of Congress to levy and collect the tax, and it has been repeatedly held that such an act can not be nullified or set aside by any statute of a State, and that where the two come in conflict, the latter must give way.
The power to levy and collect taxes is a vital and necessary part of sovereignty. No Government can exist without its exercise. It is a power, where granted by the Constitution to the Federal Government, which can not be interfered with or nullified by any act of the States. But as stated, this act does not interfere in any way with State statutes. This court has on several occasions in somewhat similar cases upheld this principle. See Steedman et al. v. United States, 63 C. Cls. 226, 233, and Aldridge v. United States, decided January 16, 1928 (64 C. Cls. 424).
In the Florida case, supra, the court said:
“ Congress can not accommodate its legislation to the conflicting or dissimilar laws of the several States nor control the diverse conditions to be found in the various States which necessarily work unlike results from the enforcement of the same tax.”
The petition should be dismissed, and it is so ordered.
GeeeN, Judge; Moss, Judge; and Booth, Chief Justice, concur.

 Sec. 301 (a) In lieu of the tax imposed by Title IV of the revenue act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the not estate of every decedent dying after the enactment of this act, whether a resident or nonresident of the united States:
(b) The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory, or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 25 per centum of the tax imposed by this section.
(Subdivision (a) was amended by section 322 of the revenue act of 1926, reducing the graduated percentages of the net estate retroactively, as of June 2, 1924.)