W. W. HAGOOD, JR., AND SALLIE W. HAGOOD, EXECUTORS OF THE ESTATE OF W. W. HAGOOD, DECEASED, v. R. A. DOUGHTON AS COMMISSIONER OF REVENUE OF THE STATE OF NORTH CAROLINA.

(Filed 23 June, 1928.)

1. Taxation—Transfer Taxes—Nature and Constitutionality.

A statute imposing a tax upon the transfer of the estate of a decedent is not an inheritance tax, but a tax upon the right of devolution and transfer of property situate in this State, and is valid and constitutional.

2. Same.

Our State statute in basing the amount of tax upon the right to dispose of property situate in this State by will, etc., upon the amount deductible by the Federal statute for the benefit of the State, is not included in the amount to be received by the State as an estate or inheritance tax, but in addition thereto, and is not objectionable as an imposition of an arbitrary or capricious tax inhibited by Article I, sec. 17, of our State Constitution, or the Fourteenth Amendment to the Constitution of the United States.

3. Same.

Section 6, ch. 80, Public Laws of 1927, referring to the Federal statute allowing the State eighty per cent of the amount taxed by the Federal Government as a tax for the transfer of property by will or descent, is

not objectionable on the ground that the amount of the tax is to be ascertained by reference to the Federal statute, or that the State statute authorizing it is not complete in itself.

**4. Same—Interference with Federal Taxing Powers.**

Section 6, ch. 80, Public Laws of 1927, by taxing the right to dispose of by will or devolution property situate in this State, does not interfere with the right of the Federal Government, or impose a burden upon it in the exercise of the power to tax the value of the estate.

**5. Statutes—Construction—Intent of Legislature.**

Where it is clear that a relative or qualifying word used in a statute would defeat the legislative purpose by referring it to its last antecedent, it will be so construed in relation to other words of the statute as to carry out the intent of the Legislature.

APPEAL by plaintiffs from *Cranmer, J.,* at February Term, 1928, of WAKE.

The plaintiffs and the defendant having agreed to the submission of a controversy without action under C. S., 626, submit the following as a case agreed, the facts hereafter set forth being those upon which the said controversy depends:

1. That W. W. Hagood died on 8 July, 1927, a citizen and resident of the State of North Carolina, leaving a last will and testament wherein the plaintiffs were appointed as executor and executrix of his said will.

2. That W. W. Hagood, Jr., and Sallie W. Hagood have duly qualified as executor and executrix of the estate of the late W. W. Hagood and as such are plaintiffs in this action.

3. That R. A. Doughton is Commissioner of Revenue of the State of North Carolina, and as such is defendant in this action.

4. That the General Assembly of North Carolina did by an act, ratified on 9 March, 1927, enact a certain statute entitled "An act to Raise Revenue," known as chapter 80 of the Laws of 1927; and the following is a copy of section six of said act, hereinafter referred to as the "Estate Tax Statute," the said section being in words and figures as follows, to wit:

"(a) A tax in addition to the inheritance tax imposed by this schedule is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this act whether a resident or nonresident of the State. This tax shall be equal to that full percentage of the Federal tax, levied upon the same estate, allowed as a credit by the United States for payment of said tax to the State of North Carolina.

"(b) If the United States should discontinue the imposition of any estate, inheritance, legacy, or succession taxes, then in lieu of the tax levied in this section, a tax equal to eighty per cent (80%) of that im-

posed in the Federal 'Revenue Act of 1926' upon the transfer of net estates of decedents shall be levied and collected by the State of North Carolina.

"(c) The administrative provisions of this schedule, wherever applicable, shall apply to the collection of the tax imposed by this section. The amount of the tax as modified by subdivision (a) of this section shall be computed in full accordance with the Federal law in force at the time of the .death of the decedent, or, in case the Federal Government does· not then impose such a tax, then in accordance with the estate tax law as contained in the Federal 'Revenue Act of 1926.' "

5. That upon the death of the plaintiffs' testator inheritance taxes in the amount of $10,001.31 became due and payable by the plaintiffs to the defendant and the said taxes have been paid in full.

6. That the Federal Government has assessed a Federal estate tax of $8,324.86 upon the transfer of the plaintiffs' testator's estate and has allowed a credit of eighty per cent of said assessment for taxes paid by plaintiffs to the State of North Carolina.

7. That the defendant claims and contends that by virtue of the estate tax statute, to wit, subdivision (a) thereof, upon the death of the plaintiffs' testator a North Carolina estate tax equal to eighty per cent of the Federal tax levied upon the same estate, to wit, the sum of $6,659.89, became due and payable and is now due and payable by the plaintiffs to the defendant.

8. The plaintiffs claim and contend that the estate tax statute, does not impose any tax upon them whatsoever; that the tax assessed under that portion of the estate tax statute now operative, to wit, subdivision (a) thereof, is a tax equal to the percentage of credit allowed by the Federal Government on its estate tax for the estate tax paid to the State of North Carolina upon the transfer of the same estate; that the full percentage of credit allowed by the Federal Government, to wit, eighty per cent of the Federal estate tax, was allowed to the plaintiffs by the Federal Government on account of the inheritance taxes paid by them to the State of North Carolina; that no credit was allowed by the Federal Government for an estate tax, if any, due and assessed by the State of North Carolina upon the transfer of the plaintiffs' testator's estate and that, therefore, no tax is imposed upon the plaintiffs by the estate tax statute.

9. The plaintiffs further claim and contend that if the court should adopt the construction placed upon the estate tax statute by the defendant that the estate tax statute and all taxes due and assessed thereunder are invalid and illegal in that the said statute violates the Constitution of the United States and the Constitution of the State of North Carolina.

HAGOOD *v.* DOUGHTON.

10. That the plaintiffs claim and contend that the said statute is unconstitutional upon the following grounds:

(a) That the tax as prescribed in the said statute is solely measured by and dependent upon the amount of credit given by the Federal Government for taxes paid upon the transfer of the same estate to the State of North Carolina, and that the said tax is, therefore, an interference with and a burden upon the exercise of the taxing power and policies of the government of the United States contrary to the Constitution of the United States and of the Constitution of the State of North Carolina, particularly of Article I, section 5 thereof.

(b) That the tax as prescribed in the said statute is solely measured by and dependent upon the amount of credit given by the Federal Government for taxes paid upon the same estate to the State of North Carolina, and that the rate of tax so deduced bears no reasonable proportion to the value of the exercise of power that is taxed. Therefore, (1) the rate of tax prescribed is purely arbitrary and capricious, having no reasonable relationship to the purposes and policies of taxation and amounts to the taking of property without due process of law in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States and Art. I, sec. 17 of the Constitution of the State of North Carolina; (2) the classification resulting from the operation of the said act as to the persons who shall pay said tax and the amount of tax to be paid is not based upon any reasonable difference or distinction, but is arbitrary and capricious and deprives those upon whom the tax falls of equal protection of the laws contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States; (3) that the amount or rate of tax is arbitrarily fixed without reference to the value. of the exercise of the power that is taxed but by a standard bearing no relationship thereto or to the purposes or policies of taxation and transcends the limitations arising from those fundamental conceptions of free government which underlie all constitutional systems contrary to the Constitution of the United States and the Constitution of the State of North Carolina.

11. The defendant claims and contends that the tax imposed by the estate tax statute now operative, to wit, subdivision (a) thereof, amounts to eighty per cent of the Federal estate tax levied upon the transfer of the same estate without any regard to the amount of inheritance taxes paid upon the transfer of estate to the State of North Carolina or without any regard to the ratio of the Federal estate tax to the North Carolina inheritance taxes.

12. That the defendant claims and contends that the said statute does not contravene the constitutional provisions of either the Constitution

of the United States or of the State of North Carolina, and that the said statute is legal, valid, and enforceable.

13. That the controversy between the plaintiffs and the defendant dependent upon the facts hereinbefore set forth is that the defendant contends that by virtue of the estate tax statute the plaintiffs are indebted to the defendant in the sum of $6,659.89 for the estate tax assessed as hereinbefore stated, and the plaintiffs contend that the estate tax statute imposes no tax upon them whatsoever, but that if the court should construe the statute so that it did levy a tax upon the plaintiffs, that the said estate tax statute is illegal and invalid as hereinbefore stated, and that the plaintiffs are not indebted to the defendant in any sum whatsoever.

Upon the foregoing facts the judge of the Superior Court, being of opinion that section 6, chapter 80, Public Laws 1927, is not repugnant either to the State or to the Federal Constitution, adjudged that the plaintiffs are indebted to the defendant by virtue of the "Estate Tax Statute" in the sum of six thousand six hundred and fifty-nine and 89/100 dollars ($6,659.89). The plaintiffs excepted to the judgment and appealed to the Supreme Court.

*Donnom W. Spencer for plaintiffs.*
*Attorney-General Brummitt and Assistant Attorneys-General Nash and Siler for defendant.*

ADAMS, J. The controversy between the parties grows out of a difference of opinion as to the constitutionality and correct interpretation of an act of the General Assembly imposing a tax upon "the transfer of the net estate of every decedent dying after the enactment of the act, whether a resident or nonresident of the State." Public Laws 1927, ch. 80, sec. 6.

A transcript of the statute appears in the statement of facts. The tax imposed is an estate tax and is additional to and distinct from the inheritance tax provided for in the same schedule. The parties differ in their construction of the latter part of subdivision (a): "This tax shall be equal to that full percentage of the Federal tax, levied upon the same estate, allowed as a credit of the United States for payment of said tax to the State of North Carolina." The method of computation is given in subdivision (c): "The amount of the tax as modified by subdivision (a) of this section shall be computed in full accordance with the Federal law in force at the time of the death of the decedent, or, in case the Federal Government does not then impose such a tax, then in accordance with the estate tax law as contained in the Federal Revenue Act of 1926."

On 10 November, 1925, the National Committee on Inheritance Taxation published a report to the National Conference on Estate and Inheritance Taxation recommending that the credit provision of the Federal law then existing should be extended to allow a credit of all inheritance taxes paid to the several states up to eighty per cent of the Federal tax. Under the act of 1924 the allowable credit could not exceed 25 per centum of the tax thereby imposed. U. S. Compiled Statutes, sec. 6336⅘a. It was said that among the desirable objects to be accomplished by an extension of the provision would be a practical diminution of duplicate taxation by the Federal and State Governments and, if Congress should change the law so as to impose a reasonable burden upon estates, a strong incentive for all the states to promote uniformity by adjusting their rates so as to realize neither more nor less than the amount credited on the tax payable to the Federal Government. A part of these recommendations is included in the amended Federal act of 1926. This act, in lieu of the tax prescribed by Title 111, of the Revenue Act of 1924, imposed upon the transfer of the net estate of every decedent dying after the enactment of the act, whether a resident or nonresident of the United States, a tax equal to the sum of certain defined percentages of the value of the net estate, to be determined in the mode provided by the statute. The section allowing a credit for taxes paid the state is in these words: "The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any state or territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 304." U. S. Compiled Statutes, sec. 6336⅝a (a), (b).

The plaintiffs say that the estate tax imposed by the General Assembly in 1927, equals the credit allowed by the Federal Government on its tax less the amount of inheritance taxes paid to the State of North Carolina, and as the inheritance taxes which the plaintiffs have paid the State exceed the credit allowed by the Federal Government on its tax, the State statute does not impose upon the plaintiffs any tax whatsoever—that is, that the tax imposed by the General Assembly equals the amount in which the existing inheritance tax laws of the State fall short of the credit allowable under the Federal law. It is contended that the statute automatically makes the total inheritance and estate taxes payable to the State equal the allowable credits and that the tax is to be levied only when these taxes are less than the determinable credit. The defendant, on the other hand, assails the position of the plaintiffs

and insists that the State law imposes an estate tax which is equal to the credit allowed by the Federal law unaffected by the amount of any estate, inheritance, legacy, or succession taxes paid to the State.

In considering these conflicting views we must keep in mind the spirit and purpose of the statute and the nature of the tax it was intended to levy, it being conceded that the statute imposes some form of transmission or succession tax.

"Succession duty is a tax placed on the gratuitous acquisition of property which passes on the death of any person, by means of a transfer (called either a disposition or a devolution) from one person (called the predecessor) to another person (called the successor). Property chargeable with the tax is called a succession." Hanson's Death Duties, 40. It is said by Dos Passos in his work on Inheritance Tax Law, sec. 1, *et seq.,* that the system or policy of taxing inheritances, legacies, and successions is not of modern origin; that it is in force as a fruitful source of revenue among all European states and has existed in England for more than a century; that the right to take by will or from intestates is a mere privilege of the municipal law; and that the tax is a burden imposed by government upon gifts, legacies, inheritances, and successions, whether of real or personal property passing to certain persons by will, by intestate law, or by any deed or instrument made *inter vivos,* intended to take effect at or after the death of the grantor. The tax is not imposed upon property in the ordinary sense of the term but upon the right to dispose of it or to receive it—upon its transmission by will or descent. *United States v. Perkins,* 163 U. S., 625, 41 L. Ed., 287. In *Knowlton v. Moore,* 178 U. S., 41, 44 L. Ed., 969, *Mr. Justice White,* after reviewing authorities relating to the question, announced the following conclusion of the Court: "Although different modes of assessing such duties prevail, and although they have different accidental names, such as probate duties, stamp duties, taxes on the transaction, or the act of passing of an estate or a succession, legacy taxes, estate taxes, or privilege taxes, nevertheless tax laws of this nature in all countries rest in their essence upon the principle that death is the generating source from which the particular taxing power takes its being, and that it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested."

An inheritance tax is laid on the transfer or passing of estates or property by legacy, devise, or intestate succession; it is not a tax on the property itself, but on the right to acquire it by descent or testamentary gift. *Magoun v. Bank,* 170 U. S., 283, 42 L. Ed., 1037; *Minot v. Winthrop,* 162 Mass., 113, 26 L. R. A., 259; *S. v. Alston,* 94 Tenn., 674, 28 L. R. A., 178. The State tax is levied by virtue of a right granted and controlled by the State law; but the right of the Federal Govern-

ment to impose an estate tax exists by virtue of the excise tax power conferred by the Constitution of the United States—a distinction which is recognized in the section under consideration. Laws 1927, ch. 80, sec. 6(a); *New York Trust Co. v. Eisner,* 256 U. S., 345, 65 L. Ed., 963. "The Federal estate tax is not a tax on inheritances but an impost upon estates, levied before anything reaches the beneficiary. Theoretically this tax is on the transfer from the dead to the living imposed upon the right of the decedent to transmit his property and not upon the right of the beneficiary to receive it." Gleason and Otis Inheritance Taxation (3 ed.), 3; 4 Cooley on Taxation (4 ed.), sec. 1721.

The plaintiffs' analysis of the section just cited is this: The statute admits the existence of inheritance taxes, and the words "This tax" and "said tax" signify the estate tax levied under the State law, so that the latter part of section 6(a) should be construed as if it read as follows: "The North Carolina estate tax shall be equal to that full percentage of the Federal tax levied upon the same estate, allowed as a credit by the United States, for the payment of the North Carolina estate tax to the State of North Carolina." It is therefrom argued that the Federal Government has not allowed the plaintiffs an 80 per cent credit upon its tax for the payment of the estate tax under the State law, the credit having been allowed only for payment of inheritance taxes; that no basis has been laid for the apportionment between the two State taxes of the credit allowed by the Federal Government; and that the most reasonable construction of the statute is that the tax it levies equals the entire credit allowed by the Federal Government for the payment of taxes to the State less the amount of inheritance taxes paid to the State.

Construed literally the statute is not free from doubt. The legislative intent, we think, is less obscure. The statute went into effect 9 March, 1927. It should be interpreted in view of the fact that an inheritance tax, but no such estate tax as the statute provides for, had previously been paid to the State. Of this fact the General Assembly had full knowledge. The question raised by the appellants is whether "this tax" and "said tax" as used in the latter clause of section 6(a) should be construed as referring to the estate tax which the section imposes or whether "said tax" has reference to the inheritance tax previously paid the State. Should the statute be given a strict interpretation or one which has regard to the legislative intent? Where such intent is apparent it may not be defeated merely because not defined in the most complete and accurate language. If the words employed are ambiguous, or admit of more than one meaning, they are to be taken in such a sense as will effectuate the object of the statute—the reason being that its intended operation is not to be impaired by the use of inaccurate

or improper terms. Black on Inter. of Laws, 151; *Fortune v. Comrs.,*
140 N. C., 322; *S. v. Johnson,* 170 N. C., 685; *S. v. Earnhardt, ibid.,*
725; *S. v. Bell,* 184 N. C., 701. It is not improbable that the Legisla-
ture intended that the words "said tax" in the last line of section 6(a)
should qualify the words "inheritance tax" in the first line. "The rule
that a relative or qualifying word refers to its last antecedent is not
invariable. It will yield to the evident sense and meaning of the statute.
. . . Particularly where a relative or qualifying phrase cannot be
applied to its immediate antecedent without producing absurd results,
or violating the evident purpose of the Legislature, the rule requiring
such reference must be rejected; and in such a case, the phrase may be
made to qualify any other part of the statute to which the intention of
the Legislature, so far as it can be discovered, would seem to make it
applicable." Black on Inter. of Laws, 223. For the present purpose,
however, this question may not be important. It was manifestly not the
purpose of the General Assembly in enacting section 6 to tax nothing
more than the difference between the full percentage of the Federal tax
allowed as a credit for the "payment of said tax to the State" and the
amount of the inheritance tax or the inheritance and estate tax, when
less than the credit allowed. It is true that since the enactment of the
Federal Revenue Act of 1926, several of the states have imposed the tax
only on the amount by which eighty per cent of the estate tax payable
to the United States under the act shall exceed the aggregate amount of
all estate, inheritance, legacy and succession taxes paid to the states;
but section 6(a) imposes an estate tax equal to the full percentage of the
Federal tax allowed as a credit by the United States for payment of
"said tax" to the State, without any deduction whatever. Herein is the
distinction between our statute and that of some other states. It is con-
ceded, as contended by the plaintiffs, that the rate of taxation beginning
at $100,000, the lowest sum taxable, increases until a point is reached
where the State inheritance tax equals 80 per cent of the Federal estate
tax and then diminishes until the percentage of increase on $10,000,000
is approximately the same as on $200,000; but the inequality of opera-
tion is due to the percentage of tax laid upon the several amounts tax-
able under the Federal statute and is equally forceful as an objection to
its constitutionality. Moreover, it has been said that all systems of tax
legislation produce unequal and unjust results in individual instances
and if inequality in result must defeat the general law, then taxation
becomes impossible. 1 Cooley on Taxation (4 ed.), sec. 223.

This construction of the statute involves the question of its constitu-
tional sufficiency. It is contended by the plaintiffs that the statute thus
construed is an attempted exercise of power by taxation which burdens
and conflicts with the operation of the Federal law, and, as said in

*Weston v. City Council of Charleston,* 7 Peters, 449, 7 L. Ed., 481, "The powers of a state cannot rightfully be so exercised as to impede and obstruct the free course of those measures which the government of the states united may rightfully adopt." It is urged specifically that this construction of the statute in effect annuls the Federal act—that the latter gives the taxpayer the credit and that the former takes it away from him, and that whatever the language in which the statute is framed, it is in reality a tax upon the credit given by the Federal law. The fact that the tax levied by section 6(a) upon the transfer of the decedent's net estate is equal to the full percentage of the Federal tax allowed as a credit does not necessarily import taxation of the credit itself. The statute taxes, not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death. 4 Cooley on Taxation (4 ed.), sec. 1722. The credit given by the Federal statute is the measure adopted by the State for determining the amount of the tax to be levied under section 6, as the estate tax. It is said, however, that the standard employed by the State law does not attempt to reach the value of the thing upon which the tax purports to be levied. The Federal estate tax is assessed by the Federal Government upon the basis of a valuation determinable under the Federal statute. When the valuation is thus ascertained and the Federal estate tax is assessed and the credit is allowed, the value of the thing taxed by the State is definitely fixed. The standard of valuation is therefore not arbitrary. Section 6(b) provides that if the United States should discontinue the imposition of any estate, inheritance, legacy, or succession taxes, then in lieu of the tax levied in this section, a tax equal to 80 per cent of that imposed in the Federal "Revenue Act of 1926" upon the transfer of net estates of decedents shall be levied and collected by the State. In *Galveston Ry. Co. v. Texas,* 210 U. S., 217, 52 L. Ed., 1031, the act in question undertook to impose upon railroad corporations and other persons owning or controlling any line of railroad in the State a tax equal to one per cent of their gross receipts if the line of railroad was wholly within the State. The appeal was prosecuted mainly on the ground that the law upon which the action was based was an attempt to regulate commerce among the States. It was held that the statute levying the tax amounted to an attempt to regulate interstate commerce, the Court observing that there was no substantial distinction between a tax "equal to" one per cent of the gross receipts and a tax of one per cent of the gross receipts, except as the former phrase was the index of an actual attempt to reach the property and to let the interstate traffic alone, and that no such attempt had been found or anything to qualify the plain inference from the statute, taken by itself. The statute considered in *Northwestern Life Insurance Co. v. Wisconsin,* ... ... U. S.,... ...., 72 L. Ed., 65, purported

to impose upon every company, corporation, or association within the State an annual license fee of three per centum of its gross income from all sources, etc. The tax was levied upon the company's entire gross income including interest on United States bonds. It was held that to this extent the tax was an imposition upon the bonds themselves and went beyond the power of the State, and that there is a clear distinction between a tax measured by gross returns and one which depends upon dividends or net receipts. In *Gillespie v. Oklahoma,* 257 U. S., 501, 66 L. Ed., 338, it appears that the statute therein construed undertook to levy a tax upon an instrumentality used by the United States in carrying out duties to the Indians that it had assumed. So it was in *Panhandle Oil Co. v. Mississippi,* Advance Sheets, 14 May, 1928. The decision in *North Dakota v. Hanson,* 215 U. S., 515, 54 L. Ed., 307, was based upon the ground that the requirement of the State law that receipts for the payment of the Federal internal revenue tax upon the business of selling intoxicating liquor be registered and published at the holder's expense placed a burden upon the lawful taxing power of the United States. As we read them neither these cases nor others cited in the appellants' brief on this point lead to the conclusion that the tax laid by the State law is arbitrary and illegal because dependent upon the credit given the taxpayer by operation of the Federal law. It is also apparent, in our opinion, that section 6(a) does not deny the plaintiffs due process of law or the equal protection of the laws. *Fire Association v. New York,* 119 U. S., 110, 30 L. Ed., 342; *Keeney v. New York,* 222 U. S., 523, 56 L. Ed., 299; *Wheeler v. Sohmer,* 223 U. S., 533, 58 L. Ed., 1031; *Nickel v. Cole,* 256 U. S., 223, 65 L. Ed., 900; *Stebbins v. Riley,* 268 U. S., 137, 69 L. Ed., 884.

It has been said that statutes of this nature are unconstitutional as involving an unlawful delegation of legislative power. Stated in another form, the contention is that their validity depends upon the legislation of some other state, and that they are therefore not in and of themselves a complete expression of the legislative will. This contention has been sustained in one state. But in all other states where this objection was urged the constitutionality of the statutes in this regard has been upheld. 14 C. J., A 1268.

There can be no doubt, we take it, of the State's right to levy an estate tax, although a similar tax is imposed on the value of the net estate under the Federal law. The two do not constitute objectionable or prohibited double taxation. To constitute such taxation the two taxes must be imposed on the same property, by the same state or government, during the same taxing period, for the same purpose. Indirect duplicate taxation is not objectionable. 1 Cooley on Taxation (4 ed.), sec. 223, *et seq.* It will be observed that the State law declares that in de-

termining the clear market value of property taxed under its provision there shall be deducted Federal estate taxes and estate and inheritance taxes paid to other states. See *People v. Northern Trust Co.*, 7 A. L. R., 709, and Annotation; *Re Miller*, 16 A. L. R., 694, and Annotation; *Hollis v. Jackson*, 23 A. L. R., 849, and Annotation; *Tax Commission v. Lamprecht*, 31 A. L. R., 985, and Annotation.

Upon the agreed statement of facts appearing in the record we are constrained to hold that the statute enacted by the General Assembly of 1927 (ch. 80, sec. 6) is not repugnant to any provision of the State or Federal Constitutions. The judgment of the Superior Court is

Affirmed.