In the Matter of the Estate of Paul E. Thalmann, Deceased.

Surrogate's Court, New York County, December 23, 1941

*Jerome M. Hirsch* [*Charles A. Jacobs* and *Thomas P. McLaughlin* of counsel], for the State Tax Commission, petitioner.

*Van Vorst, Siegel & Smith* [*William Mason Smith* of counsel], for Regina C. Hauser, as executrix, etc., respondent.

*Skutch, Meyer & Burton,* for Arthur Warwick, as executor, etc., respondent.

Foley, S. This is an application by the State Tax Commission to fix the additional estate tax provided for in the next to the last paragraph of section 249-n of the Tax Law.

The testator died a resident of New York county on February 3, 1933.

The pertinent language of section 249-n provides that " notwithstanding any of the foregoing provisions of this section * * * there shall be imposed upon the transfer of the net estate of every person who at the time of death was a resident of this State, a tax equal to the maximum credit allowable to the estate of such decedent against the United States estate tax imposed with respect thereto * * *."

The purpose of this section was to assure to the State of New York the full benefit of the eighty per cent credit for State inheritance and estate taxes allowed by the Federal Revenue Act of 1926. (Act of Feb. 26, 1926, § 301, subd. [b], as amd.; U. S. Code, tit. 26, § 813, subd. [b].)

Section 249-w of the Tax Law makes it the mandatory duty " of the executor of every estate which is subject to the United States estate tax to file with the Tax Commission a copy of the final determination thereof forthwith after the same is made." It further provides that the surrogate shall make a determination of the additional tax where the eighty per cent credit is not fully absorbed by the estate tax upon the net estate assessable under section 249-n.

In the New York estate tax proceedings, a tax upon this decedent's net estate was assessed and paid in the sum of $71,646.39. The executors duly claimed and were allowed a credit for this amount in the Federal estate tax proceedings.

On July 31, 1935, the executors were notified that a Federal estate tax had been finally audited and determined in the sum of $93,173.27. Although the eighty per cent credit allowed by the Revenue Act of 1926 exceeded the credited amount of the New York estate taxes by the sum of $2,494.75, the executors failed to make any claim for the additional credit, failed to file with the Tax Commission a copy of the final determination of the Federal estate tax as required by section 249-w and failed to pay the additional tax as required by section 249-n. It is not disputed that if section 249-n is valid and applicable, a tax of $2,494.75 is due.

The imposition of the tax is resisted upon the ground (1) that section 249-n is not applicable and (2) that, even if applicable, the section is unconstitutional and void.

The theory of the first contention is that section 249-n imposes an additional tax only where a credit is actually allowed in the Federal proceedings, and that as no credit was claimed or allowed here, no additional tax is assessable. This contention is overruled. The argument that the tax can be defeated by the inaction or negligence of the executors is without merit. Under the specific provisions of sections 249-n and 249-w of the Tax Law it is the duty of the executor to have the additional estate tax assessed and paid. In addition to the obligations imposed by these sections it is to be noted that section 249-bb provides that " the executor of every estate shall be personally liable for such tax until its payment " and section 249-z provides that no executor shall be entitled to a decree finally settling his account " unless he shall produce a final receipt for the tax." It should also be noted that section 249-n speaks of the credit " allowable " to the estate, not one actually claimed or allowed.

The Legislature, in enacting these provisions and in using the term " allowable," clearly intended to place it beyond the power of a taxpayer to avoid the tax by failing to claim the full credit granted by the Revenue Act of 1926 and just as clearly made it the inescapable duty of the executor to see that the tax is assessed and paid. (*Matter of Cary*, 174 Misc. 111; *Matter of Meyer*, 209 N. Y. 386; *Matter of Cummings*, 142 App. Div. 377; *District of Columbia* v. *Safe Deposit & Trust Co.*, 116 F. [2d] 21; *Caflisch's Estate*, 21 D. & C. Rep. [Pa.] 282.)

The second general contention is that section 249-n of the Tax Law is unconstitutional and violative of both the State and Federal Constitutions. No claim is made, however, that the section violates the uniformity and supremacy clauses of the Federal Constitution, the ground upon which section 124 of the Decedent Estate Law was held invalid in *Matter of del Drago* (287 N. Y. 61).

It is claimed that the section violates our State Constitution in that (1) " It devolves on Federal tax appraisal officials, over whom the State of New York has no control, the question of whether or not a tax is imposed under a New York statute." It is alleged that the section thus invalidly delegates legislative power in violation of section 1 of article III of the State Constitution, providing that " The legislative power of this State shall be vested in the Senate and Assembly." (2) It violates section 22 of article III, providing that " Every law which imposes, continues or revives a tax shall distinctly state the tax and the object to which it is to be applied, and it shall not be sufficient to refer to any other law to fix such tax or object." (3) It violates section 16 of article III, providing that " No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act." The executors' contention is that these provisions of the Constitution are violated because section 249-n incorporates a Federal statute by reference and makes the amount of the tax depend upon the terms of the Federal law referred to but not set forth in the section.

It is also argued that the section violates the " due process " clause of the Fourteenth Amendment to the Constitution of the United States in that it makes the " incidence " of the tax dependent upon the action of Federal taxing officials.

All of these contentions directed against the constitutionality of section 249-n of the Tax Law are overruled. There is no merit to the argument that the section invalidly delegates legislative power to Federal officials and improperly incorporates a Federal law by

reference. If at all logical under our Constitution, these arguments could have been made with equal force in the converse situation as to the Federal Revenue Acts of 1924 and 1926 since under their credit provisions the Federal tax is dependent upon the action of State officials and the statutes of various States. The constitutionality of these acts, however, has been sustained. (*Florida* v. *Mellon,* 273 U. S. 12; *Rouse* v. *United States,* 65 Ct. Cl. 749; certiorari denied, 278 U. S. 638.)

Similar objections have been urged against State laws enacted to gain the benefit of the Federal eighty per cent credit. Such laws have been uniformly upheld. (*Brown* v. *State,* 323 Mo. 138; 19 S. W. [2d] 12; *Hagood* v. *Doughton,* 195 N. C. 811; 143 S. E. 841; *Knowles' Estate,* 295 Penn. St. 571; 145 A. 797; *Opinion of the Justices,* 126 Me. 614; 137 A. 50; *Opinion of the Justices,* 85 N. H. 572; 154 A. 633.)

Section 249-n of the Tax Law neither delegates legislative power nor does it incorporate the Federal law by reference or otherwise. (*People* v. *Fire Association of Philadelphia,* 92 N. Y. 311; affd., 119 U. S. 110; *People ex rel. Pratt* v. *Goldfogle,* 242 N. Y. 277; *People ex rel. Broderick* v. *Goldfogle,* Id. 540; *Watkinson* v. *Hotel Pennsylvania,* 195 App. Div. 624; affd., 231 N. Y. 562; *People ex rel. Everson* v. *Lorillard,* 135 id. 285.)

Indeed, these objections to the constitutionality of the section might be dismissed upon the familiar ground that one not injured by a statute cannot object to it as invalid. (*Knowles' Estate, supra; Matter of Keeney,* 194 N. Y. 281, 286; affd., *sub nom. Keeney* v. *New York,* 222 U. S. 525.) If the tax is not paid to the State of New York it must be paid to the Federal government. As stated in *Knowles' Estate* (*supra,* 590): " It is of no moment to complainant, whether the amount to be paid goes to one person or another, so long as his liability is not prejudicially altered."

The application of the State Tax Commission is granted. Submit order on notice fixing the additional estate tax accordingly.