In the Matter of the Estate of HARRY EISENBERG, Deceased.

Surrogate's Court, New York County, December 15, 1944.

*Hamilton McInnes* for State Tax Commission, for motion.

*Elmer H. Settel,* in person, opposed.

FOLEY, S. This is an application by the State Tax Commission to fix the additional estate tax in the sum of $1,068.13 pursuant to the provisions of section 249-n of the Tax Law.

The application is granted. The decedent died a resident of this county on July 28, 1935. A *pro forma* order was entered on September 20, 1937, fixing the New York estate tax in the sum of $6,655.56. In the Federal estate tax proceedings, the executors claimed a credit only for that amount. It is admitted by the answer filed herein that the estate, under the 80% credit provision of the Revenue Act of 1926, was entitled to a credit

of $7,723.69 (§ 301,. subd. [b], as amd.; U. S. Code, tit. 26, § 813, subd. [b]).

The granting of this application might well rest upon my decision in *Matter of Thalmann* (177 Misc. 1055) in which, with substantially similar facts, I construed the applicable sections of the Tax Law and reviewed the decisions which dealt with the question:

A denial of the application is asked by the executors upon two grounds: (1) They failed to claim the full Federal credit because they mistakenly assumed that the credit was limited by the amount paid under the *pro forma* order of September 20, 1937, and it is too late now to claim the additional credit; and (2) that the Tax Commission issued an alleged final receipt for the tax assessed and paid under the *pro forma* order.

In respect of the first contention, the executors suggest that their misapprehension as to the law continued until the publication of my decision in *Matter of Thalmann* (*supra*). By that time the tax proceedings in this estate, both Federal and State, had been completed. That excuse must be rejected. Neither neglect nor ignorance of the law can exonerate a fiduciary from the full performance of his duties and obligations under the Tax Law. (*Matter of Thalmann, supra; Matter of Israel,* 166 Misc. 156, affd. 256 App. Div. 1063, leave to appeal denied, 281 N. Y. 886; *Matter of Platt,* 8 Misc. 144.)

The second reason must also be rejected. The receipt issued by the Tax Commission contained no statement that the amount paid represented all the tax that might be properly due. As Mr. Surrogate FOWLER said in *Matter of Schumacher,* (N. Y. L. J., March 13, 1914, p. 2828, col. 3): " The receipt * * * did not contain a statement that the payment for which it was given was in full satisfaction of all the demands of the State on account of the transfer tax upon the estate of the decedent * * *. It merely recites the receipt by him of the amount of money therein mentioned, without reference to any waiver, limitation or other restriction. Estoppels *in pais* are not readily presumed as against the State. It would be impossible to carry on government if estoppel could be invoked against the State by reason of its mere receipt of money paid in by taxpayers."

In any event, this excuse cannot be entertained for it is well-established law that tax proceedings are statutory, and not equitable proceedings. The Surrogate has no discretion to depart from the procedure prescribed by the Tax Law or to cancel a tax lawfully due the State on grounds of sentiment or sympathy. (*Matter of Stuart,* N. Y. L. J., May 10, 1913, p. 814,

col. 2; *Matter of Tracy,* 179 N. Y. 501, 509; *Matter of White,* 208 N. Y. 64, 68; *Matter of Suderov,* 156 Misc. 661, 666, affd. 249 App. Div. 763, affd. 274 N. Y. 525; *Matter of Mollenhauer,* 257 App. Div. 286; *Matter of Meyer,* 176 Misc. 266.)

Submit order on notice fixing the additional estate tax accordingly.