## In the Matter of the Estate of MARGARET G. N. LAWRENCE, Deceased.

Surrogate's Court, New York County, May 24, 1945.

*Charles T. Lark* for Bankers Trust Company, as executor, petitioner.

*Hamilton McInness* for State Tax Commission, respondent.

FOLEY, S. This is an appeal by the executor from the amended *pro forma* order of March 23, 1945, fixing the estate

tax on the appraiser's report. The grounds of appeal are (1) that the appraiser erroneously included in the gross taxable estate certain certificates designated as "Land Trust Certificate of Equitable Ownership in Real Estate Located in Columbus, Ohio", valued at $154,020, and (2) that the appraiser improperly refused to allow a deduction of $3,160.63, the amount paid to the State of Ohio as an inheritance tax on the transfer of such certificates.

The first ground of appeal is overruled. The decedent died a resident of this county on June 12, 1943. Among the assets of her estate were certificates representing 151/2140 units of land trust certificates which the executor contends represents an equitable interest in real property situated in the State of Ohio and is therefore exempt from taxation in this State under the provisions of section 249-r of the Tax Law. That section specifically excludes from the gross taxable estate real property having a situs outside this State.

In passing upon the first ground of appeal the Surrogate is not bound by the formal description of the interest contained in the certificates themselves but must determine whether or not they actually represent an interest in real property located in a foreign State. The certificates here involved are what are commonly known and referred to as "Ohio Fee Certificates". They are a common form of investment offered to the general public by Ohio banking institutions. This form of investment is apparently resorted to for the purpose of avoiding the tax on mortgages imposed by the State of Ohio. The real property underlying the certificates here in question was owned by the Neil House Company which deeded the property to the Huntington National Bank of Columbus, Ohio, as trustee. Simultaneously with the delivery of the deed to the bank, a long-term lease was made to the seller with an option to repurchase the property at a fixed price on or after a specified date. The selling price of the property was $2,180,000. The annual rental called for in the long-term lease was $109,000 or exactly 5% of the selling price. As part of the financial transaction the bank as trustee issued certificates of interest in the trust and offered the same to the general public as an investment. The purchasers of such certificates are entitled to participate pro rata in the annual rental provided for in the lease but have no voting rights in respect of the trust or any control over the trustee.

It is apparent from the foregoing recitals of the transactions that while the deed to the property purported to convey legal

ownership to the trustee-bank, it was actually given and accepted merely as security for a loan on the property. That interpretation of the transaction is supported by the decision of the United States Supreme Court in *Helvering* v. *Lazarus & Co.* (308 U. S. 252) wherein a similar transaction, involving the very same bank that issued the certificates which are the subject of this appeal, was considered. The court there held that the deed of the property did not transfer actual title to the bank but was given merely as security for a loan. The decision in *Senior* v. *Braden* (295 U. S. 422) relied upon by the executor is not controlling here. As pointed out by the court in *Helvering* v. *Lazarus & Co.* (*supra*, p. 255), " Whatever the significance of that case, it can have no application here. In the *Braden* case, the equitable doctrine — here controlling — of looking to extrinsic evidence behind a transfer absolute on its face to determine whether only a security transaction was contemplated by the parties, was neither invoked nor passed upon."

I hold that the certificates owned by this testatrix did not constitute an interest in real property located in a foreign State but merely represented an investment in a loan secured by real property. As such the certificates come within the definition of intangible personal property set forth in section 249-m of the Tax Law and were properly included by the appraiser in the gross taxable estate.

The second ground of appeal is likewise overruled. Section 249-s of the Tax Law effective at the date of death of this decedent expressly provides that no deduction shall be allowed for any estate, succession, legacy or inheritance taxes. In the enactment of this section the Legislature has specifically denied a deduction from the gross taxable estate of " any estate, succession, legacy or inheritance taxes " paid to a foreign State. The court may not, therefore, allow the deduction claimed by the executor for inheritance taxes paid to the State of Ohio. (*Matter of White,* 208 N. Y. 64; *Matter of Tracy,* 179 N. Y. 501; *Matter of Suderov,* 156 Misc. 661, 666, affd. 249 App. Div. 763, affd. 274 N. Y. 525; *Matter of Eisenberg,* 184 Misc. 387.)

Submit order on notice denying the appeal in accordance with this decision.