## SHIRK v. SIMCO et al.
### No. 9605.

Court of Civil Appeals of Texas. Austin.

Feb. 26, 1947.

Rehearing Denied March 19, 1947.

Stubbeman, McRae & Sealy and William B. Neely, all of Midland, for appellant.

Price Daniel, Atty. Gen. of Texas, and Jackson Littleton, Asst. Atty. Gen., for appellees.

BAUGH, Justice.

This suit was brought under Art. 7057b, Vernon's Ann.Civ.St., by Joseph H. Shirk, executor of the estate of Ellen Walker Shirk, deceased, against the tax collector of Upton County, the State Treasurer, Comptroller, and Attorney General, hereafter referred to as the State, to recover $618.24 as overpayment of inheritance taxes on the estate of Ellen Walker Shirk,

exacted by the State under the provisions of Art. 7144a, V.A.C.S. Trial was to the court without a jury upon an agreed state of facts, and judgment rendered against the plaintiff; hence this appeal. The sole question presented is the interpretation of Secs. 4, 5 and 8 of said Art. 7144a.

The agreed facts show: That Ellen Walker Shirk, a resident of the State of Illinois, died in 1941, leaving a net estate valued at $428,018.43, located in Illinois, Indiana and Texas, the portion located in Texas being valued at $37,762.94. No tax was due the State of Texas on that portion located in Texas under the provisions of the State's regular inheritance tax laws. See Chap. V, Title 122, Arts. 7117–7144, V.A.C.S. Under the Federal Revenue Act of 1926, § 301(a, b), 26 U.S.C.A. Int.Rev. Code, §§ 810 and 813(b), the Federal Government levied a tax against said entire estate in the sum of $9,620.74. Under the Federal Act the taxpayer was allowed to deduct from that amount all taxes actually paid to any State, Territory or District of Columbia, the aggregate of such deductions not to exceed 80% of the total federal tax. In the instant case that 80% amounted to $7,696.59. The taxpayer had already paid to the State of Illinois on said estate as inheritance taxes the sum of $7,506.35; and to the State of Indiana the sum of $129.43; aggregating state inheritance taxes so paid in the sum of $7,635.78, thus absorbing all of the 80% allowed under the Federal Act, except $60.81. This sum appellant claims is the total inheritance tax due the State of Texas. The State levied and collected $679.05; and this suit is for difference between these two items.

It is not controverted, and the Act itself expressly so states, that Art. 7144a, Chap. V A, Title 122, is merely a supplemental tax law designed and intended solely to take advantage, to the extent of 80%, of the Federal Revenue Act of 1926. It is neither an amendment to nor modification of Arts. 7117 to 7144. Under Sec. 1 of Art. 7144a, the additional tax is fixed at the difference between what the taxpayer is due the State under Arts. 7117–7144, and 80% of what the Federal Government

levies on such estate; and under Sec. 3 of said Article, it is provided that if the tax paid the State of Texas under its inheritance tax laws, Arts. 7117–7144, equals or exceeds the 80% allowable of the Federal levy, then "no additional taxes shall be collected hereunder, it being the purpose and intention of this Act to collect only a sufficient additional tax, when necessary, for the State to get the full benefit of the eighty (80) per cent credit to the States provided for by Section 301, Chapter 27 of the Federal Revenue Act of 1926."

Thus the first three sections apply to instances where an estate comes within the provisions of Arts. 7117–7144, and a tax in some amount is already due the State thereunder. Section 4 of said Article goes a step further and imposes such additional tax where the portion of the estate located in Texas is not otherwise subject to a tax under existing State laws; but is subject to a tax under the Federal Revenue Act of 1926; again limiting the amount so as not to exceed the 80% allowed by the Federal Act. Sec. 5 of said Article prescribes in somewhat involved language the formula to be applied in computing the amount of the tax due the State of Texas where a part of such estate is located in Texas and the remainder outside of Texas. That is, the ratio of the estate located in Texas to the whole of the estate, as determined by the Federal Government, is ascertained, and that ratio then multiplied by 80% of the Federal tax imposed on the whole. The application of such formula prescribed in Sec. 5 of said Act to the facts of the instant case shows such tax to be $679.05, the amount collected by the State.

However, Sec. 8 of said Act provides: "Sec. 8. Sections 1 to 7, inclusive, of this Chapter shall always be construed so as not to increase the total amount of taxes payable to the State and the Federal Government combined upon the estates of decedents, the only purpose of said additional tax being to take full advantage of the eighty (80%) per cent credit allowed by the Federal Revenue Act of 1926, to those who have paid any estate, inheritance, legacy, or succession tax to any State or territory or to the District of Columbia, in

respect to any property included in the decedent's gross estate."

■ Thus in Sec. 8, in addition to the language of Sec. 3, we have a repeated declaration that none of the provisions of said Act is to be construed and applied so that the combined taxes exacted by the Federal Government, plus those exacted* by "any State or Territory or the District of Columbia, or any possession of the United States," shall exceed the amount of the Federal tax levied under the 1926 Act. In brief, the burden upon the taxpayer is to remain the same as if the State of Texas had passed no supplemental taxing law; the sole purpose being to reap the benefits authorized by the Federal Act, and thus share, to the extent authorized, with the Federal Government, what otherwise would have all been paid to the United States. Such are not only the plain provisions of the Act itself, but the construction placed upon it by our Supreme Court in State v. Wiess, 141 Tex. 303; 171 S.W. 2d 848, 147 A.L.R. 460. While the issue here involved was not presented to the court in the Wiess case, the court did there construe Sec. 8 as above stated. Indeed, we think that when Art. 7144a is read as a whole, in the light of the purposes for which it was enacted, no other reasonable construction can be placed upon it.

It is the State's contention that the language of Sec. 8 "the total amount of taxes payable to the State and the Federal Government combined," limits such provisions to the combined tax payable to the Federal Government, plus that payable to the *State of Texas only,* and that consequently inheritance taxes paid by the taxpayer to other states should be disregarded; citing particularly Hagood v. Doughton, 195 N.C. 811, 143 S.E. 841. That case, however, is clearly distinguishable from the instant case in that different facts were there involved, the court there held that the North Carolina law levied an estate tax and not an inheritance tax; and particularly in that no such provision as Sec. 8 here involved appears in the North Carolina statute.

■ Nor can the language above quoted be lifted from the context of the Texas Act as a whole, and its meaning limited as the State seeks to do. As stated in the Wiess case, and as is obvious from a reading of the Texas Act and the 1926 Federal Act together, the Texas law appropriates the exact language of the Federal Act. Hence it must be presumed that the Legislature intended that language to have the same meaning in the Texas Act that it was given in the Federal Act; and the latter Act clearly comprehends and includes, as making up the 80% credit allowed, the taxes paid to any and all states. Instances may arise where, as the instant case illustrates, the aggregate of the inheritance taxes levied and collected by the several states under state laws, on the portions of such estate located therein, exceeds the 80% of the Federal tax permitted by the 1926 Act to be deducted; but the Federal Law has made no provision as to how such 80% allowable is to be divided among the states in such cases. Obviously the states themselves could not determine nor control the distribution of such allowable. When the 80% allowed by the Federal Act was absorbed by state taxes legally exacted and paid; then such allowable credit ceased to exist for the further benefit of any State or Territory. Such is the express provisions of the Federal Act, and since the Texas statute is made to depend entirely on the Federal statute, when such allowable was exhausted under the Federal Law, it likewise became exhausted under the State Law.

■ It is admitted that the taxes asserted by the States of Illinois and Indiana were legally assessed against said estate and had been paid by the executor before Texas asserted its tax claim under Art. 7144a. They were therefore properly chargeable by the Federal Revenue Collector against the 80% allowable. When that was done, under the Federal Revenue Act, only $60.81 remained of the 80% allowable to be credited to any or all other States which might legally collect inheritance taxes on said estate, or a part thereof. Such are the limitations made in the Federal Act; and since the Texas Act expressly limits the amount of taxes it seeks to levy to the amount prescribed by such Federal Act, its rights of recovery

are determined by that Act. In the instant case that sum admittedly was $60.81. Appellant was therefore entitled to recover the excess payment sued for.

This conclusion renders unnecessary a discussion of the contention that if the State's construction of Sec. 8 of said Act be correct, then the Act would be unconstitutional. For the reasons stated the judgment of the trial court is reversed and judgment here rendered for appellant.

HUGHES, Justice.

Being unable to agree with the opinion of the majority herein, I respectfully dissent, and briefly express my views.

The Federal Estate Tax Law provides that the estate tax imposed by the Revenue Act of 1926 "shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, or any possession of the United States, in respect of any property included in the gross estate." This credit was limited to 80% of the tax imposed by the 1926 Act. Sec. 813, Title 26 U.S.C.A. Int.Rev. Code.

Since in Texas many estates, because of exemptions or otherwise, were not subject to the payment of inheritance taxes to this State, and other estates were not subject to the payment of such taxes equal to 80% of the Federal Estate Tax under the Revenue Act of 1926, our Legislature in 1933 passed an additional inheritance tax law to take advantage of the federal relinquishment of this 80%, being Art. 7144a, V.A.C.S.

Simply illustrated, this law operates in the following manner: If under the 1926 Revenue Act an estate tax was due the Federal Government in the sum of $1,000, and no regular inheritance tax was due the State of Texas, then under Art. 7144a there was levied against such estate a so-called additional inheritance tax of $800. Upon the payment of this amount to the State of Texas, the Federal Government would collect only $200 of the $1,000 estate tax due it. The taxpayer would be out only $1,000, but instead of paying the entire amount to the Federal Government, the State would receive $800 and the United States $200.

Art. 7144a also provides that if the estate be situated partly in this State and partly outside of this State, then the portion of the 80% credit to which Texas is entitled should be computed on the basis of the total amount of Federal taxes finally determined and assessed in proportion to the value of that part of the estate situated in Texas as compared with that portion of the value of the estate situated outside of the State of Texas.

It will be noted that the Federal statute does not provide for allocating the 80% credit, or relinquishment, among the various states or other political subdivisions when the estate is not all located in any one of them.

The purpose of Art. 7144a is to take advantage of the 80% credit allowed by the Federal Government. The holding of the majority herein does not permit the State of Texas to take advantage of such law, but, on the other hand, permits advantage to be taken of the State of Texas. There is nothing in the Federal Act which indicates that any state is to be given a preference over some other state with respect to this 80% credit; nor is there anything in such statute which would authorize the taxpayer to prefer one state or other political subdivision over another.

The majority opinion quotes Sec. 8 of Art. 7144a, and then uses this language: "Thus in Sec. 8, in addition to the language of Sec. 3, we have a repeated declaration that none of the provisions of said Act is to be construed and applied so that the combined taxes exacted by the Federal Government, plus those exacted by 'any State or Territory or the District of Columbia, or any possession of the United States,' shall exceed the amount of the Federal tax levied under the 1926 Act."

It is not believed that Sec. 8 is subject to such construction. It will be noted that this section provides that Secs. 1 to 7 shall always be construed so as not to increase the total amount of taxes payable to "the State and the Federal Government," and continuing provides that the only purpose of the additional tax is to take full advantage of the 80% credit allowed "to those who have paid any estate, inheritance, legacy, or succession tax to any State or terri-

tory or to the District of Columbia * * *." This latter portion of Sec. 8 is used only as descriptive of the 80% credit allowed by the Federal Government, and is in no sense a limitation on the application of the Act, as the majority holds. If the Legislature had intended such construction, then it would have stated in the first part of Sec. 8 words to that effect, and would not have used the restrictive language that the Act shall be construed "so as not to increase the total amount of taxes payable to the State and the Federal Government." In my opinion, Sec. 8 limits the amount of taxes to be considered as those due the Federal Government and the State of Texas, and this for the reason, as just stated, that only the State is mentioned in the first, and controlling, portion of said section.

The majority opinion in the above quotation also refers to Sec. 3 of Art 7144a. This section reads: "In the event the amount of inheritance and transfer taxes assessed against any certain estate under the inheritance tax laws of this State shall equal or exceed eighty (80) per cent of the estate or transfer taxes assessed and computed by the United States under the Revenue Act of 1926, against said estate or property belonging thereto and situated within the State of Texas, then no additional taxes shall be collected hereunder, it being the purpose and intention of this Act to collect only a sufficient additional tax, when necessary, for the State to get the full benefit of the eighty (80) per cent credit to the States provided for by Section 301, Chapter 27 of the Federal Revenue Act of 1926."

That this section does not take into consideration taxes due any other state or political subdivision is self-evident. This section also definitely refers to Texas as "the State" and to others as "the States."

In North Carolina the State enacted a law assessing an additional inheritance tax equal to the full 80% of the credit allowed by the Federal Government, and this was held by the North Carolina Supreme Court to be in addition to any other regular inheritance tax. Hagood v. Doughton, 195 N.C. 811, 143 S.E. 841. So that if a person owned property in Texas and North Carolina at the time of his death, Texas could never share in the 80% credit allowed to the various states, etc., for the reason that North Carolina by its law absorbed the entire 80%.

It would ill befit Texas to attempt the regulation of succession or inheritance taxes in other states, or to question the values which another state might put upon the estate of a decedent located within its borders, and she has not attempted to do so. Nor do I think that she has surrendered any of her rights to share in the tax refund granted by the Federal Government under the provisions of Art. 7144a. Certainly there is no language in such Article to indicate that Texas has put herself at the mercy of a taxpayer or any other state. Just the contrary appears. She has asserted her intention to take full advantage of such 80% credit, and where the properties of the estate were located in two or more states she has adopted a reasonable and fair method of determining her portion of such 80% credit.

The taxpayer knew, or should have known, that under the Texas law there would be an inheritance tax due in proportion to the amount of the estate located in Texas, calculated under the provisions of Art. 7144a. The taxpayer should not be permitted to defeat this tax by taking credit on his Federal tax for more than Illinois' just proportion of the 80% credit. The case of State v. Wiess, 141 Tex. 303, 171 S.W.2d 848, 147 A.L.R. 460, supports this view in principle. In that case it was held that the taxpayer and the Federal Government could not by compromising the amount of taxes due the Federal Government deprive the State of Texas of the additional inheritance tax levied by Art. 7144a.

In this case it should not be held that a taxpayer and the States of Illinois and Indiana and the Federal Government could by a bookkeeping transaction between themselves deprive the State of Texas of its just proportion of the 80% Federal credit.

The judgment of the trial court should be affirmed.