In the Matter of the Estate of ETHEL B. MACQUEEN, Deceased.

Surrogate's Court, Queens County, June 19, 1950.

*Adolph S. Ziegler* for John C. MacQueen, as executor of Ethel B. MacQueen, deceased.

*Fred M. Ahern* for State Tax Commission, appellant.

SAVARESE, S. The executor moves to dismiss an appeal taken by the Tax Commission from a *pro forma* order assessing an estate tax against his testatrix's estate. The appellant claims that the appraiser erroneously computed the exemptions of three of the persons interested in the estate. The order, made on April 3, 1950, fixed the tax at $29.50, which sum was remitted to the Tax Commission on April 19, 1950, and a temporary receipt issued to the executor. About a month later the executor received what his attorney calls a "final" receipt, and was thereupon advised "that he could disburse the balance of the moneys on hand." Whether or not he has done so does not appear from his attorney's affidavit. On June 1, 1950, and within the sixty-day period provided for in section 249-x of the Tax Law, the Tax Commission served and filed a notice of appeal from the *pro forma* order. The executor now contends that the appellant, by reason of its acceptance of the amount of the tax and the issuance of the so-called final receipt, lost or waived its right to appeal and that the notice of appeal should, therefore, be dismissed. An examination of the receipt on file discloses that it simply acknowledges the receipt from the movant as executor of the decedent's estate, of the sum of $29.50 "for amount of Estate Tax assessed and fixed thereon by the Surrogate of the County of Queens by order entered 4/3/50." It contains no statement that the amount paid represented all the tax that might be properly due. As was said by Surrogate FOWLER in *Matter of Schumacher,* (N. Y. L. J., March 13, 1914, p. 2828, col. 2) : " It merely recites the receipt by him of the amount of money therein mentioned, without reference to any waiver, limitation or other restriction. Estoppels *in pais* are not readily presumed as against the State. It would be impossible to carry on government if estoppel could be invoked against the State by reason of its mere receipt of money paid in by taxpayers." Furthermore, tax proceedings are statutory, and not equitable proceedings. The Surrogate has no discretion to depart from the procedure prescribed by the Tax Law or to cancel or sanction the waiver of a tax lawfully due the State. (See *Matter of Eisenberg,* 184 Misc. 387.) Motion denied.