## COOPER v. HOT SPRINGS.

### Opinion delivered June 29, 1908.

1. MUNICIPAL CORPORATIONS—POWER TO REGULATE DEALERS IN MALT LIQUORS.—Kirby's Digest, § 5438, authorizing municipal corporations "to license, regulate, tax or suppress * * * tippling houses, dramshops, any dealer in wines and liquors by the quantity or otherwise than as keeper of tippling houses or dramshops," impowers city councils to impose a license fee or tax upon wholesale dealers in malt liquors. (Page 15.)

2. SAME—DISCRIMINATING EFFECT OF ORDINANCE.—A city ordinance imposing a tax "upon wholesale dealers in malt liquors" is not void for discrimination in failing to impose a tax upon wholesale dealers in wines, whiskies, spirituous and other liquors. (Page 15.)

3. LIQUORS—STATE CONTROL.—The State has full constitutional power to impose a tax upon the business of liquor dealers, wholesale as well as retail, and to declare who shall constitute such dealers; and an exaction, whether imposed as a license fee or under the name of a tax, is not an exercise of the taxing power of the State, but of its police power. (Page 16.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

The city of Hot Springs instituted a proceeding against L. D. Cooper, charging that he had committed the offense "of violating the saloon license ordinance by failing, neglecting or refusing to pay license as provided by ordinance." He was convicted in the police court, and appealed to the circuit court, where he was convicted and fined $25.00, and he has appealed.

It was agreed "that said Cooper, the defendant herein, is distributing agent for the beer sold by Anheuser-Busch Brewing Association, and as such he took out a State and county license for the year 1907, as wholesale dealer in malt liquors under the provisions of sections 5109 and 5110 of Kirby's Digest, paying the tax required thereunder. That he took out the license in his own name, and is a wholesale dealer in malt liquors in Garland County under such license. That he sells only by wholesale in the city of Hot Springs such beer in barrels not less than five gallons in each and in cases and barrels of bottled beer. That in the city of Hot Springs he sells to dramshops who have taken out and paid a retail license to the State, county and city of Hot Springs. That the said Cooper sells only as a wholesale dealer of malt liquors and not otherwise in the city of Hot Springs.

So much of the ordinance of the city of Hot Springs under which Cooper was prosecuted as is material in this case is as follows:

"Section 1. That, as a matter of police regulation, defraying the expense of policing the following named businesses, paying the expenses incident to the regulating and policing of said businesses, issuing of license, collecting and keeping a record of same and such other expense as may arise in properly regulating the said business, there shall be paid to this city by each person, firm or corporation engaging in the saloon business, and each dealer

in wines or liquors, keepers of dramshops or tippling houses and wholesale dealers in malt liquors doing business within the limits of this city the following named amounts as a license, viz.: Each keeper of a saloon, and each dealer in wines or liquors, or keepers of a dramshop or tippling house, except wholesale dealers in malt liquors, the sum of six hundred dollars per year; each wholesale dealer in malt liquors the sum of three hundred ($300) dollars per year."

*Greaves & Martin,* for appellant.

The Legislature has never given cities and towns authority to tax wholesale liquor dealers as it has "tippling houses and dramshops." 31 Ark. 462; 41 *Id.* 456; 46 *Id.* 358. The Legislature intended to go no further than to give to towns and cities authority to regulate, license, tax or suppress liquor dealers who sell directly to the consumer. 40 Ill. 301; 3 Minn. 291. The ordinance is void. 43 Ark. 82; 72 *Id.* 556. The ordinance seeking to tax wholesale malt liquor dealers, and leaving out wholesalers of wines, whiskies, spirituous, and other liquors, is void for illegal discrimination. 103 Ill. 552; 9 Pa. Dist. 253; 67 Ill. App. 435; 61 *Id.* 374; 90 Mo. 587. Where a license tax is imposed upon those of a certain business, it must be levied without discrimination. Jud. Tax. § 459, and § 452.

*T. E. Rutherford,* for appellee.

Municipal corporations have power to license, regulate, tax or suppress any dealer in wines and liquors by the quantity, or otherwise than as a keeper of a tippling house or drop. Kirby's Digest, § 5438. A wholesale dealer comes within the terms of the statute. Since the cases upon which appellant relies were decided, the powers of municipal corporations, have been amended and enlarged. Act of May 23, 1901.

HILL, C. J. The Reporter will state the substance of the agreed statement of facts and so much of the ordinance as is material, in the statement of facts; and it will be seen therefrom that the city of Hot Springs exacted a tax of six hundred dollars per annum upon each person, firm or corporation engaging in the saloon business, and each dealer in wines and liquors, keepers of dramshops or tippling houses except wholesale deal-

ers in malt liquors; and upon them a tax of $300 per annum was exacted.

It is first insisted that the city council was not invested with authority to pass this ordinance. Section 5438 of Kirby's Digest, which confers general powers upon municipal corporations, authorizes them "to license, regulate, tax or suppress * * * tippling houses, dramshops, any dealer in wines and liquors by the quantity, or otherwise than as keeper of tippling houses or dramshops." Appellant is an agent of a large brewery concern, and sells beer by the wholesale in barrels not less than five gallons each, and bottle beer in cases and barrels. The beer is delivered to his customers from a storage room in the city, and is distributed in wholesale lots by wagons, upon orders from local saloons or dramshop keepers in said city, and in no way does he maintain any place where such malt liquors are kept for sale by retail. It is argued that the Legislature in the statute above quoted must have intended all places where liquor was retailed in drinking places, and not with such forms of business for which the word "license" or "regulate" would be a misnomer. The argument is that the power to license, regulate and tax tippling houses and dramshops, etc., must harmonize with the body of the law, including the power of taxation, and that this power of taxation is limited to the regulation of such houses as call for police regulation by the nature of their business, such as tippling houses, dramshops, and other drinking places, and is inapplicable to warehouses where beer is stored and sold only to retail dealers. This argument might have force if addressed to the legislative department of the government, but lacks force when addressed to the judiciary, which is requred to enforce the law as written when the writing is plain and the meaning clear. There is no room for construction of the above clause of the statute. Tippling houses, dramshops, and dealers in wines and liquors by the quantity, and other dealers than those having tippling houses and dramshops, are all classed in the same category, and the city given authority to license, regulate, tax or suppress them. Whether it was wise or unwise to so class these dealers was a matter far the Legislature, and not for the courts. *Ita lex scripta est.*

It is insisted that the ordinance is void for discrimination

in seeking to tax wholesale dealers in malt liquors and leaving dealers in wines, whiskies, spirituous and other liquors exempt therefrom. Mr. Black, a learned law writer, who has given special study to the laws regulating the sale of intoxicating liquors, having written a treatise upon it, is the author of a chapter on intoxicating liquors in the Cyclopedia of Law and Procedure, and in dealing with this subject says: "The constitutional requirement of uniformity in taxation does not prevent the classification of occupations; and a statute imposing a tax on the business of liquor selling is not unconstitutional because the State permits other occupations to be pursued without taxation, nor because the liquor dealer is required to pay his tax in advance, while milder terms are imposed upon other vocations which also are taxed. And, while it is necessary that all persons pursuing the same occupation in the same way should be taxed alike, it is permissible for the Legislature to divide liquor dealers into different classes, and discriminate between them in respect to the amount of taxation imposed, if the classification is based upon proper and reasonable grounds of distinction, such as the difference between manufacturing and retail selling, or as to the character of the liquors dealt in, or with reference to the locality where the business is carried on, or to the relative volume of business done, the tax being graduated according to the amount of sales made by the particular dealer." 23 Cyc. 85. The cases in the notes sustain the text. See on the same subject Black on Intoxicating Liquors, § 109. On the question of taxing privileges generally, see *Waters-Pierce Oil Co.,* v. *Hot Springs,* 85 Ark. 509.

Other questions are raised in the discussion, but they are all answered by the conclusions reached under these two heads. Touching other attacks upon the ordinance, it may be well to note that the State has the full constitutional power to impose a tax upon the business of liquor dealers, wholesale as well as retail, and to declare who shall constitute such dealers; and that an exaction, whether imposed as a license fee or under the name of a tax, is not primarily designed as a means of raising revenue, but as a means of limiting and restricting a traffic which is dangerous to the best interests of the community, and therefore it is not in reality an exercise of the taxing power of the

State, but of its police power.　Black on Intoxicating Liquors, § 55.

When this is borne in mind, then the difficulties in the way of the statute in question, and ordinances passed under its authority, cease to be vexing.

Judgment is affirmed.