THE FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Plaintiff, *v.* JOHN J. BENNETT, JR., as Attorney-General of the State of New York, and Others, Constituting the State Tax Commission of the State of New York, Defendants.

Third Department, July 11, 1939.

*Frank Hancock Hennessy* [*Seth T. Cole, Martin Saxe, Roger H. Anderson* and *Lloyd D. Keigwin* of counsel], for the plaintiff.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General, Jack Goodman, Assistant Attorney-General,* of counsel], for the defendants.

HILL, P. J.   Plaintiff in this submitted controversy is a savings and loan association organized under the Banking Law of the State.   It seeks to recover from the Tax Commission $105 paid to the recording officer of Queens county under protest, being the amount which he computed as payable to the State under section 253 of the Tax Law, in connection with the recording of certain mortgages.   The defendant State Tax Commission, has reviewed and approved the act of the recording officer.

Section 253 of the Tax Law provides in part as follows: " Recording tax.   A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of principal debt or obligation which is   *   *   *   a mortgage on real property situated within the State recorded on or after the first day of July, nineteen hundred and six, is hereby imposed on each such mortgage, and shall be collected and paid as provided in this article."

Plaintiff asserts that the statute violates the following portion of section 3 of article XVI of the new State Constitution effective January 1, 1939: " Intangible personal property shall not be taxed *ad valorem* nor shall any excise tax be levied solely because of the ownership or possession thereof, except that the income therefrom may be taken into consideration in computing any excise tax measured by income generally." Plaintiff argues that this tax of one-half of one per cent of the amount secured payable at the time of recording the instrument, is an *ad valorem* tax and an excise levied solely because of the possession or ownership of intangible personal property. Counsel for the State say that the tax is an excise on the privilege of recording and not an *ad valorem* tax on the mortgage and not an excise levied solely because of the ownership of intangible personal property.

It would serve no purpose to recount the history of assessments permitted on personal property, including mortgages, before the enactment of chapter 729 of the Laws of 1905, by which a tax which has been called a property tax of one-half of one per cent of the principal sum secured was made payable by the holder each year, or the change effected by chapter 532 of the Laws of 1906 to what has been called a recording tax of one-half of one per cent of the amount secured, payable by the mortgagee at the time of recording and no further sum thereafter. *People* v. *Trust Company of America* (205 N. Y. 74) and the same case again (208 id. 463) seems to require a decision in favor of the defendants. If the doctrines there announced are to be changed, it must be done in the Court of Appeals, not in the Appellate Division.

Judgment, without costs, is directed in favor of the defendants.

CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment, without costs, rendered in favor of the defendants.