STEUBEN RESTAURANTS, INC., Suing on Behalf of Itself and All Other Licensees in the City of New York, Similarly Situated, Plaintiff, v. CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, June 16, 1952.

*Herbert Burstein* for plaintiff.

*Denis M. Hurley, Corporation Counsel* (*Stanley Buchsbaum, Morris L. Heath* and *Arnold Fox* of counsel), for City of New York, defendant.

GREENBERG, J. The plaintiff seeks to enjoin the enforcement of the tax for the privilege of selling liquor, wine or beer at retail, for on or off premises consumption within the city of New York imposed by Local Law No. 58 for 1952. The tax payable by each retail licensee equals 25% of the license fees payable by the licensee under the State Alcoholic Beverage Control Law (Administrative Code of City of New York, § F46–1.0, subd. 2; § F46–2.0). The plaintiff argues that both the local law, enacting the tax, and the enabling act pursuant to which the local law was adopted, violate the State and Federal Constitutions. Study of the contentions advanced by the plaintiff satisfies me that its position cannot be upheld. In the circumstances, it seems appropriate to dispose of the application on its merits rather than on the subsidiary or procedural grounds urged by the defendants for denial of the application.

It is said by the plaintiff that the local law does not comply with section 22 of article III of the State Constitution, which provides in substance that every tax law shall state the tax and the object to which it is to be applied. It has, however, been held that this constitutional provision does not apply to local taxes (*Jones* v. *Chamberlain,* 109 N. Y. 100, 109). Even when the provision applies, it is satisfied by statement or indication that the tax money is to go into the general fund (*Matter of McPherson,* 104 N. Y. 306, 318–320). The enabling act specifically provides that the tax money is to go into the city's general fund and this is also required by the city charter (L. 1947, ch. 278, § 12, as added by L. 1948, ch. 651, § 2, as amd. by L. 1950, ch. 589, § 3; New York City Charter, § 130). This contention must therefore be pronounced untenable.

The complaint also alleges that the power of taxation has been unconstitutionally delegated to the city in violation of section 1 of article XVI of the State Constitution. This section declares that any laws which delegate the taxing power shall specify the " types " of taxes which may be imposed thereunder. The enabling act (L. 1947, ch. 278, § 1, subd. [d] as amd.) authorizes " Taxes on the privilege of selling liquor, wine or beer at retail for on or off premises consumption ". Compliance with the constitutional mandate is self-evident. Apparently the plaintiff realizes this, for the plaintiff's brief does not even deal with this asserted infirmity.

Next, it is said that the local law enacting the tax invalidly amends the State Alcoholic Beverage Control Law. Since the latter law was enacted in 1934, while the enabling act, pursuant to which the city adopted the challenged tax, took effect in 1947, it is difficult to see how the local law, specifically authorized by the later enabling act, even if an amendment of the Alcoholic Beverage Control Law, can be condemned as an invalid amendment.

The plaintiff's principal ground of attack is that because the tax singles out retail dealers, it is denied the equal protection of the laws. In my opinion, this contention must also be rejected. It is elementary that the Legislature, in exercising the power to tax, may resort to classification. So long as the classification is not arbitrary, it will be upheld (*Citizens' Tel. Co.* v. *Fuller,* 229 U. S. 322, 329; *Magoun* v. *Illinois Trust & Sav. Bank,* 170 U. S. 283, 295; *Independent Warehouses* v. *Scheele,* 331 U. S. 70, 86; *People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431, affd. 204 U. S. 152). There are many cases in which a classification akin to that adopted here was found not to deny equal protection. Thus, in *Cook* v. *Marshall* (196 U. S. 261, 274–275), a distinction for tax purposes between wholesale and retail dealers was upheld. *Brown-Forman Co.* v. *Kentucky* (217 U. S. 563, 573), *Armour Packing Co.* v. *Lacy* (200 U. S. 226, 236), *Heisler* v. *Thomas Colliery Co.* (260 U. S. 245), and *Cooper* v. *Hot Springs* (87 Ark. 12) also aptly illustrate the same principle. Nor is it a valid ground of attack that practical administration of the tax was taken into account in making the classification (*Fernandez* v. *Wiener,* 326 U. S. 340, 360). Since the classification adopted here cannot be pronounced arbitrary, the tax must be declared valid.

It follows that the motion for an injunction must be denied.