LINEHAN-LEARY CORPORATION, Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, June 30, 1952.

*Paul O'Dwyer* and *Charles Haydon* for plaintiff.

*Denis M. Hurley, Corporation Counsel (Stanley Buchsbaum, Morris L. Heath* and *Arnold Fox* of counsel), for defendants.

NATHAN, J. Plaintiff seeks a temporary injunction to restrain enforcement of the city tax on the privilege of selling liquor, wine or beer, at retail for on or off premises consumption, imposed by Local Law No. 58 of 1952. It imposes an annual tax '' in an amount equal to twenty-five per cent of the license fees payable under the state alcoholic beverage control law ''.

A similar injunction was denied by Mr. Justice GREENBERG in *Steuben Restaurants* v. *City of New York* (202 Misc. 22). This court is in accord with that decision.

The present plaintiff urges grounds for injunction which it claims were not presented in the earlier case. Its contentions will be now considered seriatim:

1. *The local law violates section 16 of article III of the State Constitution which proscribes incorporating an existing law except by inserting it.*

Local Law No. 58 of 1952 does not violate this constitutional provision. The reference in it to the Alcoholic Beverage Control Law merely fixes the amount of the tax, thereby informing the taxpayer that it must pay 25% of the license fee it paid under the Alcoholic Beverage Control Law for the license issued to it, and without which it would neither be in business nor liable for the city tax. Such a reference is not violative of section 16 of article III (*Matter of Thalmann,* 177 Misc. 1055; *People ex rel. Pratt* v. *Goldfogle,* 242 N. Y. 277; and see *People* v. *Fire Assn. of Philadelphia,* 92 N. Y. 311, affd. 119 U. S. 110).

2. *The local law violates the home rule provisions of the State Constitution, the City Home Rule Law and the City Charter.*

Plaintiff asserts this claim because the State Legislature may amend the Alcoholic Beverage Control Law and would thereby amend the city local law either by increasing or decreasing the amount of tax imposed, or by abolishing it altogether. Should this occur, the city council is likewise free to amend its law, if it so determines. The court sees no infringement of any home

rule provisions. Nor does the local law run counter to the holding in *People ex rel. Town of Pelham* v. *Village of Pelham* (215 N. Y. 374). The city retains full power to tax or not to tax for local purposes. It is given its power to levy this tax by the enabling act (L. 1947, ch. 278).

3. *The tax is vague and indefinite; it discriminates against plaintiff; it impairs the obligation of a contract; and is an attempt to levy an excise tax because of ownership or possession of intangible personal property contrary to section 3 of article XVI of the State Constitution.*

Taking these various claims in the order listed in the foregoing caption, which is substantially Point III of plaintiff's brief, the court finds the local law clear and explicit, rather than vague and indefinite. The grounds urged by plaintiff in support of this claim are not substantial. The court finds the terms of the local law " sufficiently explicit to inform those who are subject to it as to what conduct on their part will render them liable to any penalty " (*City of New Rochelle* v. *Friedman,* 190 Misc. 654, 657).

The claim of discrimination is based on the fact that the State license fee in New York County is $1,200, and is only $800 in Richmond County, so that under the local law plaintiff, who is in New York County, pays a city tax of $300 and a tavern in Richmond County pays a city tax of $200. Such a classification has been upheld (*People* v. *Capitol Fuels of Queens,* 281 N. Y. 728).

There is no merit to the claim that this local law impairs the obligation of any contract between the State and its licensee arising out of the issuance of such license, even though the license cannot be revoked except for cause.

The final claim of plaintiff that this tax is an unlawful levy of an excise tax under section 3 of article XVI of the State Constitution is untenable. This tax is an excise tax on the privilege of selling liquor, wine or beer at retail for on or off premises consumption, and not an ad valorem tax on the license nor an excise tax levied solely because of the ownership of intangible personal property (see *Franklin Soc. for Home Bldg. & Sav.* v. *Bennett,* 257 App. Div. 486, affd. 282 N. Y. 79). Nor is it a tax on income or gross receipts, neither of which is a factor in determining the amount of tax.

Since the court is not persuaded that Local Law No. 58 of 1952 is unconstitutional, the plaintiff is not entitled to an injunction, and the motion is accordingly denied.