JOHN O'GARA, Suing on Behalf of Himself and All Other Licensees in the City of New York, Similarly Situated, Plaintiff, *v.* LAZARUS JOSEPH, as Comptroller of the City of New York, et al., Defendants.

Supreme Court, Special Term, Kings County, July 9, 1952.

*Milton Sheen* for plaintiff. ·

*Denis M. Hurley, Corporation Counsel (Stanley Buchsbaum of counsel)*, for defendants.

BROWN, J.  This is a motion to enjoin the defendants during the pendency of this action from enforcing the tax on retail licensees of the State Liquor Authority imposed by Local Law No. 58 for 1952 (Administrative Code of City of New York, ch. 46, tit. F).  The action is for a declaratory judgment and permanent injunction and asks that this city tax law be declared unconstitutional and void.

The law is challenged upon the grounds (1) ·that it denies equal protection of the laws since the tax is levied on retail licensees of alcoholic beverages but not upon others who obtain licenses and permits pursuant to the State Alcoholic Beverage Control Law; (2) that it is in conflict with said Alcoholic Beverage Control Law; (3) that it is unreasonable, arbitrary and discriminatory in that the tax imposed is greater for those who obtained their liquor license on March 1, 1952, than those who obtained their license after that date; (4) that it violates the provisions of section 16 of article III of the New York State Constitution, and (5) that it impairs the obligation of a contract.

The argument that this local law denies equal protection of the laws and that it conflicts with the provisions of the Alcoholic Beverage Control Law was presented to the court in *Steuben Restaurants* v. *City of New York* (202 Misc. 22).  There, a similar application to enjoin the enforcement of this same tax law was denied.  The court stated, in part (p. 24): "Next, it is said that the local law enacting the tax invalidly amends the State Alcoholic Beverage Control Law.  Since the latter law was enacted in 1934, while the enabling act, pursuant to which the city adopted the challenged tax, took effect in 1947, it is difficult to see how the local law, specifically authorized by the later enabling act, even if an amendment of the Alcoholic Beverage Control Law, can be condemned as an invalid amendment.

" The plaintiff's principal ground of attack is that because the tax singles out retail dealers, it is denied the equal protection of the laws.  In my opinion, this contention must also be rejected. It is elementary that the Legislature, in exercising the power to tax, may resort to classification.  So long as the classification is not arbitrary, it will be upheld (*Citizens' Tel. Co.* v. *Fuller,* 229 U. S. 322, 329; *Magoun* v. *Illinois Trust & Sav. Bank,* 170 U. S. 283, 295; *Independent Warehouses* v. *Scheele,* 331 U. S. 70, 86;

*People ex rel. Hatch* v. *Reardon,* 184 N. Y. 431, affd. 204 U. S. 152). There are many cases in which a classification akin to that adopted here was found not to deny equal protection. Thus, in *Cook* v. *Marshall Co.* (196 U. S. 261, 274–275), a distinction for tax purposes between wholesale and retail dealers was upheld. *Brown-Forman Co.* v. *Kentucky* (217 U. S. 563, 573); *Armour Packing Co.* v. *Lacy* (200 U. S. 226, 236); *Heisler* v. *Thomas Colliery Co.* (260 U. S. 245), and *Cooper* v. *Hot Springs* (87 Ark. 12) also aptly illustrate the same principle. Nor is it a valid ground of attack that practical administration of the tax was taken into account in making the classification (*Fernandez* v. *Wiener,* 326 U. S. 340, 360). Since the classification adopted here cannot be pronounced arbitrary, the tax must be declared valid."

This court is in accord with the views expressed in that decision (see, also, *Linehan-Leary Corp.* v. *City of New York,* 202 Misc. 25).

Plaintiff also asserts that Local Law No. 58 is unreasonable, arbitrary and discriminatory for the reason that while the tax is imposed for a one-year period, plaintiff's license expires at the end of nine months of the tax year and, further, that those who obtain their State license after March 1, 1952, will pay less tax for a full tax year than those who obtained their licenses prior to that date. These contentions are without merit. The local law in question is based upon the assumption that retail dealers in alcoholic beverages will renew their licenses from year to year and where the renewal occurs the licensee will be in business for the full tax year. Provision is also made for the exceptional cases where the license is not renewed during the tax year or where, for some other reason, the business ceases during the tax year (Administrative Code, § F46–8.0, and Comptroller's " Regulations " of the " Tax on Retail Licensees of the State Liquor Authority," art. 2, subd. [c], and art. 6, subd. [a]).

Furthermore, a reading of the Comptroller's " Regulations " indicates that those who enter business and obtain their licenses after the tax year begins to run will pay for the proportion of the tax year that they engage in the business except that a minimum tax will, in any event, have to be paid (Comptroller's " Regulations," article 2, subd. [b] and article 2, subd. [d]).

Plaintiff also urges that the tax law violates section 16 of article III of the New York State Constitution. That section provides: " No act shall be passed which shall provide that

any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act.''

This contention is based on the fact that the local law provides that the tax shall '' be paid by each retail licensee in an amount equal to twenty-five per cent of the license fees payable under the state alcoholic beverage control law by such retail licensee '' (Administrative Code, § F46–2.0) and that retail licensee is defined as (Administrative Code, § F46–1.0, subd. 2) '' Any person to whom a license has been issued by the state liquor authority under the state alcoholic beverage control law who sells at retail in the city, for on or off premises consumption, any liquor, wine or beer for the sale of which such license is required.''

The purport of section 16 of article III is succinctly stated in *People ex rel. Commissioners* v. *Banks* (67 N. Y. 568, 575, 576) as follows: '' It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute. The right is given, the duty declared, or burden imposed by the special statute, but the enforcement of the right or duty, and the final imposition of the burden are directed to be in the form, and by the procedure given by the other and general laws of the State. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law. The evil in view in adopting this provision of the Constitution, was the incorporating into acts of the legislature by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law, which would not receive the sanction of the legislature if fully understood.''

Here, the reference in the local law to the Alcoholic Beverage Control Law is merely to show the amount of the tax and to make the detailed description of retail licensees more explicit. I am of the opinion that there is not the slightest danger that

either a legislator or a taxpayer would be ignorant of what was being done in enacting Local Law No. 58, or that the effect of the law is not disclosed upon the face of the act. Certainly, if it is not improper to base the amount of a tax upon the laws of another State, which was upheld in *People* v. *Fire Assn. of Philadelphia* (92 N. Y. 311, affd. 119 U. S. 110), the present law is constitutional (see, also, *Matter of Thalman,* 177 Misc. 1055, 1058).

The final argument made by the plaintiff, that the liquor license constitutes a contract with the State and that the imposition of the tax impairs the obligation of this contract, is also untenable. Plaintiff does not have a contract with the State but has been granted merely a license or a temporary permit to sell alcoholic beverages. It is axiomatic that a license is not contractual in the constitutional sense *(People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187). There, the court said, at page 192: " In the case of *Metropolitan Board of Excise* v. *Barrie* (34 N. Y. 667) WRIGHT, J., in delivering the opinion of the court, says: ' Licenses to sell liquors are not contracts between the state and the persons licensed, giving the latter vested rights, protected on general principles and by the Constitution of the United States against subsequent legislation; *nor are they property in any legal or constitutional sense.* They have neither the qualities of a contract nor of property, but are merely temporary permits to do what otherwise would be an offense against a general law.' In other words, a license is not a contract or property, but merely a temporary permit issued in the exercise of the police powers to do that which otherwise would be prohibited " (see, also, *Matter of Burstyn, Inc.,* v. *Wilson,* 303 N. Y. 242, 251-252).

Moreover, the rights granted by the issuance of the license to the plaintiff were accepted upon the terms and conditions which existed by reason of the provisions of chapter 278 of the Laws of 1947, as amended, which gave the city the right to impose the present tax *(People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356, 360-361).

The plaintiff has failed to show that he has a case strong enough to warrant any temporary injunction and his motion is therefore denied. Submit order.