ROY J. MATOSIN, Plaintiff, v. CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, October 9, 1952.

*Denis M. Hurley, Corporation Counsel (Stanley Buchsbaum and Morris L. Heath of counsel), for defendants.*

*McAloon & Hirschberg for plaintiff.*

EDER, J. Motion of defendants for judgment on the pleadings is granted.

The action is for a declaratory judgment that New York City Local Law No. 58 for 1952 (Administrative Code of City of New York, ch. 46, tit. F) is unconstitutional, invalid and void. In brief, this enactment is a city tax on the privilege of selling liquor, wine or beer at retail for on- or off-premises consumption and imposes an annual tax in an amount equal to 25% of the license fees payable under the State Alcoholic Beverage Control Law.

Plaintiff is the owner of a restaurant and bar in this city; he possesses a liquor license permitting the sale at retail of alcoholic beverages for on-premises consumption of liquor, wine and beer; the license fee is $1,200 which was paid; this license expires on February 28, 1953.

Plaintiff, in brief, assails the said city tax law as being generally and constitutionally invalid, as being unfair, discriminatory; that it denies to plaintiff and others similarly situated the equal protection and due process of the laws in violation of the Fifth and Fourteenth Amendments to the National Constitution; that it is also violative of section 22 of article III of the State Constitution in failing to state distinctly the object of the tax; that it is violative of the Alcoholic Beverage Control Law; is unreasonable; is multiple taxation.

Aside from the few factual features mentioned (*supra*) the averments of the complaint are descriptive of the law; the organization of the city government; the Alcoholic Beverage Control Law; and embody various legal conclusions.

The constitutionality and general validity of this statute has been challenged in four prior actions upon applications for injunctions *pendente lite*; in each instance the validity of this enactment has been sustained (*Steuben Restaurants* v. *City of New York,* 202 Misc. 22; *Linehan-Leary Corp.* v. *City of New York,* 202 Misc. 25; *O'Gara* v. *Joseph,* 202 Misc. 28; *Tonkelson* v. *City of New York,* 202 Misc. 892.)

The divers contentions advanced by plaintiff have been discussed at length in the cited cases and held to be untenable; no reason manifests itself why a converse view should be taken here under the allegations of the complaint. The court is in accord with the views expressed and the conclusions set forth in the opinions in the cited cases and it will serve no useful purpose to again enter upon a detailed discussion in upholding the validity of the said local law; to do so would be merely to indulge in a repetitious disquisition, quite unnecessary.

Judgment is rendered dismissing the complaint and declaration is made that said Local Law No. 58 for 1952 is a valid and constitutional enactment.

Settle order and judgment on notice.