George Postel, J.
Motions numbered 44 and 107 are consolidated herewith. All parties move for summary judgment in their favor. The actions are for a declaratory judgment declaring that chapter 257 of the Laws of 1963, the enabling-act for the New York City Commercial Rent or Occupancy Tax, and Local Law No. 38 for 1963, the local law imposing the tax, are void, unconstitutional and ineffectual.
Chapter 257 of the Laws of 1963 enabled any city having a population of 1,000,000 or more to impose and collect taxes on rent or occupancy. Pursuant to this statute, the City of New York enacted Local Law No. 38 for the year 1963, imposing a tax on use or occupancy. This law provides that every *372 tenant of taxable premises is required after June 1, 1963, to pay a tax of 2%% of bis base rent where his base rent is not in excess of $2,500 per year, or 5% of his base rent where his base rent is in excess of $2,500 per year (Administrative Code of City of New York, § L46-2.0, subd. a.) Taxable premises are defined as: “ Any premises in the city occupied, used, or intended to be occupied or used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity, including any premises so used even though it is used solely for the purpose of renting, or granting the rights to occupy or use, the same premises in whole or in part to tenants; except premises within the area leased by the City of New York to the New York World’s Fair 1964-1965 Corporation pursuant to chapter four hundred twenty; eight of the laws of nineteen hundred sixty, as amended during the period of such lease.” (Administrative Code, § L46-1.0, subd. 5.)
The plaintiff contends that the tax is unconstitutional, based principally on the grounds that it: (1) imposes a real estate tax which exceeds the limit set forth in section 10 of article VIII of the New York State Constitution; (2) imposes an ad valorem tax in violation of section 3 of article XVT of the New York State Constitution; (3) violates the “ Due Process ” and “ Equal Protection ” clauses of the Fourteenth Amendment of the Constitution of the United States.
“ Every legislative enactment carries a strong presumption of constitutionality including a rebuttable presumption of the existence of necessary factual support for its provisions * * *. Courts strike down statutes only as a last resort (Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 555, affd. 344 U. S. 367) and only when unconstitutionality is shown beyond a reasonable doubt [citations].” (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 540-541; Matter of Motel Assn. of N. Y. City v. Weaver, 3 N Y 2d 206, 216.)
The plaintiff’s arguments can best be considered in the order in which they are raised.
Section 10 of article VIII of the State Constitution provides that the amount to be raised by tax on real estate by the City of New York shall not exceed an amount equal to 2%% of the average full valuation of taxable real estate of the city. The plaintiff contends that the tax herein is one imposed on real estate, and, when added to the tax already imposed on assessed valuation, the amount thus raised would exceed the constitutional limitation. The Commercial Bent or Occupancy Tax, as heretofore stated, is imposed on a tenant of a taxable *373 premise according to Ms base rent for the tax year. The ordinance defines ‘ ‘ tenant ’ ’ as anyone who pays rent for premises as a lessee, sublessee, licensee or concessionaire (Administrative Code, § L46-1.0, subd 3). The issue is whether such tax can be construed as constituting a tax on real estate within the meaning of the article. I find that they do not. Leaseholds are not considered to be real property under the Beal Property Tax Law (§ 102, subd. 12). This question was fully discussed by the Court of Appeals in the Matter of Fort Hamilton Manor v. Boyland (4 N Y 2d 192), where it was unequivocally held that a leasehold interest constituted personal property. Judge Vax Voobhis, writing for a unanimous court, stated (p. 197): “Under a long line of New York decisions, the interest of a tenant of realty under a real estate lease is not realty but is a chattel real which is personal property [citations]. The most recent expression of this court upon the point is in Matter of Grumman Aircraft Eng. Corp. v. Board of Assessors (2 N Y 2d 500, 507), where it was said: ‘ It is significant to note that nowhere in the Tax Law has the Legislature characterized a leasehold as taxable real property. Such omission is understandable, as a lease for years is deemed personalty [citations].’ ”
Plaintiff’s contention that the city treats leases as real property is without merit. The definition relied on is only for the purposes of assessable improvements (Administrative Code, § 291-1.0), and “‘assessable improvement ’ means any public betterment involving either a physical improvement or the acquisition of real property for a physical improvement ” (Administrative Code, § 291-1.0, subd. 1). An assessable improvement is merely a levy for local improvements and not a tax (see Knickerbocker Vil. v. Reid, 281 N. Y. 861 and Cooper Union v. City of New York, 272 App. Div. 438, affd. 298 N. Y. 578). The definition of real property contained in subdivision 12 of section 981-1.0 of the Administrative Code in no way sustains the plaintiff’s position. It is clear that the tax in question does not constitute a tax on real estate, and therefore does not violate the provisions of section 10 of article VIII of the .State Constitution.
The second point raised is that the tax violates section 3 of article XVI of the State Constitution in that it is an ad valorem tax on intangible personal property. This section is concerned with “ moneys, credits, securities and other intangible personal property ”. TMs contention is without merit, as this section deals with a particular kind of intangible personal property not applicable here. The same rules apply to the construction of *374 a Constitution as to that of statute law (Matter of Wendell v. Lavin, 246 N. Y. 115, 123). Under the rule of ejusdem generis, where “ a statute enumerates several classes of persons or things, and immediately following and classed with such enumeration the clause embraces ‘ other ’ persons or things, the word ‘ other ’ will generally be read as 1 other such like ’ ” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 239; Matter of Bowen v. Allen, 17 A D 2d 12). The intangible personal property referred to must therefore be construed as meaning intangibles similar to moneys, credits and securities. The rule of ejusdem generis, however, is a rule of construction, which must yield to the Legislature’s evident purpose in enacting statutes and should be construed to carry out the objects sought to be accomplished by them (Matter of Blatnicky v. Ciancimino, 1 A D 2d 383, affd. 2 N Y 2d 943). On this point the intent of the constitutional convention was clearly set forth by Senator Saxe, who, as chairman of the committee proposing this provision, stated: “we can reap, maintain, conserve and reap a further benefit from assuring to people of other states that they can keep their money and their securities in the State of New York, and until they employ them in business in the State of New York they are not going to be subjected to taxation merely by sending it here and leaving it here * * * and that is the underlying purpose of Section 3; that is, at least of the first sentence” (N. Y. State Constitutional Convention, 1938, Revised Record, vol. 2, p. 1113). Under both the rule of ejusdem generis and the intent of the constitutional convention, the personal property taxed here does not fall into the category of ‘ ‘ moneys, credits, securities and other intangible personal property” as set forth in section 3 of article XVI. In any event the tax is neither an ad valorem tax nor an excise tax levied solely because of ownership or possession. A tax on a tenant based on the rent paid by him is not a tax based on the value of the leasehold; the true value of a leasehold is its market value (Esso Std. Oil Co. v. State of New York, 10 A D 2d 760; Matter of City of New York [Wetmore], 272 App. Div. 826; People ex rel. U. S. Rubber Co. v. Knapp, 232 N. Y. 153, 160). Further this tax applies only to taxable premises, that is, when premises are “ occupied, used or intended to be used for the purpose of carrying on or exercising any trade, business, profession, vocation or commercial activity ” (Administrative Code, § L46-1.0, subd. 5); and the tax is not levied solely because of ownership or possession. The purpose of section 3 of article XVI was to make it impossible for the Legislature to levy an excise tax on mere possession. “ In other *375 words, the property may enjoy that privilege or it may be used for some purpose, and then you can levy an excise tax on it if and when it is used ” (N. Y. State Constitutional Convention, 1938, Revised Record, vol. 2, pp. 111A-1115).
The plaintiffs’ third contention is that the tax violates the Fourteenth Amendment of the United States Constitution in that it: (1) applies only to cities of 1,000,000 or more; (2) establishes an artificial and arbitrary distinction for the purposes of imposing a tax upon tenants paying an annual rental of $2,500 or less and tenants paying over $2,500; (3) imposes a tax on tenants and not on the owner of the premises, who is also a lessee therein. The issues raised are not novel in the field of taxation and have been passed on many times. The rule was best set forth in 1906 by the Court of Appeals in the case of People ex rel. Hatch v. Reardon (184 N. Y. 431). Judge Yaítít, writing for the court, stated (p. 443):
“ The right to tax is not granted by the Constitution but of necessity underlies it, because government could not exist or perform its functions without it. While it may be regulated and limited by the fundamental law, it exists 1 independently of it as a necessary attribute of sovereignty. ’ (People v. Adirondack Ry. Co., 160 N. Y. 225, 236.) 1 The power of taxation being legislative, all the incidents are within the control of the legislature. The purposes for which a tax shall be levied; the extent of taxation; the apportionment of the tax; upon what property or class of persons the tax shall operate; whether the tax shall be general or limited to a particular locality, and in the latter case, the fixing of a district of assessment; the method of collection, and whether a tax shall be a charge upon both person and property, or only on the land, are matters within the discretion of the Legislature and in respect to which its determination is final. ’ (Genet v. City of Brooklyn, 99 N. Y. 296, 306.)
“ A tax may be imposed only on certain callings and trades, for when the state exerts its power to tax it is not bound to tax all pursuits or all property that may be legitimately taxed for governmental purposes. It would be an intolerable burden if the state could not tax any property or calling unless at the same time it taxed all property or all callings. (Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 562; Armour Packing Co. v. Lacey, 200 U. S. 226, 235.) ”
(Approved People ex rel. Farrington v. Mensching, 187 N. Y. 8, 16; see, also, Steuben Rests. v. City of New York, 202 Misc. 22; O’Gara v. Joseph, 202 Misc. 28.)
*376 The Legislature acted within its powers in restricting the tax to cities having a population of 1,000,000 or more; for “Legislation, embodying discrimination between metropolitan centers and other less populated areas, has been sustained as against the claim of violation of constitutional rights and unjust legislation” (Southern Blvd. R. R. Co. v. City of New York, 86 F. 2d 633, 635, cert. den. 301 U. S. 703).
Neither did the Legislature exceed its powers in providing for a higher tax on rentals in excess of $2,500. The Court of Appeals in the case of Vaughan v. State of New York (272 N. Y. 102, app. dsmd. 300 U. S. 638) held constitutional a stock transfer tax of 1% cents a share for stocks sold for less than $20 and 2 cents a share for stocks selling at a higher price (see, also, Metropolis Theatre Co. v. Chicago, 228 U. S. 61; Ohio Oil Co. v. Conway, 281 U. S. 146).
The imposition of a tax can never be popular with those who must pay it, and the court can sympathize with that feeling. However, as the United States Supreme Court stated in 1913 in the case of Metropolis Theatre Co. v. Chicago (supra, pp. 69-70): “ To be able to find fault with a law is not to demonstrate its invalidity. It may seem unjust and oppressive, yet be free from judicial interference. The problems of government are practical ones and may justify, if they do not require, rough accommodations — illogical, it may be, and unscientific * * * [m] ere errors of government are not subject to our judicial review.”
The constitutionality of the tax seems well grounded. Accordingly the motion by the defendant, City of New York, for summary judgment is granted and the cross motion denied.